UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
THE NEW YORK TIMES COMPANY,

                      Plaintiff,

              - against -

UNITED STATES DEPARTMENT OF THE ARMY,

                      Defendant.
---------------------------------------------------------------X

**COMPLAINT**

Plaintiff THE NEW YORK TIMES COMPANY, by its undersigned attorneys, allege for its Complaint:

1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking an order for the production of agency records from the Department of the Army ("Army") in response to two requests properly made by The New York Times Company ("The Times").

## PARTIES

2.    Plaintiff The New York Times Company publishes *The New York Times* newspaper. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York.

3.    Defendant Army is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), and has possession and control of the records that Plaintiffs seek.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

6. Plaintiff is deemed to have exhausted all available administrative remedies in both requests. In the first request, the Army denied Plaintiff's administrative appeal, and therefore Plaintiff is entitled to seek judicial review of that denial pursuant to 5 U.S.C. § 552(a)(4)(B). In the second request, the Army failed to respond to Plaintiff within the twenty business days required by FOIA, 5 U.S.C. § 552(a)(6)(A), which amounts to administrative exhaustion under FOIA, 5 U.S.C. § 552(a)(6)(C).

## FACTS

7.  The documents sought by the FOIA requests at issue relate to reporting done by C.J. Chivers and John Ismay on chemical weapons that were uncovered by U.S. troops in Iraq in the aftermath of the U.S. invasion.[1]  Their groundbreaking stories uncovered how the U.S. Government had kept secret for more than a decade that hundreds of military service members had been potentially exposed to chemical warfare agents as they encountered and in many cases handled chemical munitions once possessed by the Iraqi military. The reporting on that disturbing legacy of U.S. operations in Iraq is ongoing, and a significant amount of information regarding the U.S. Government's knowledge and handling of such chemical weaponry remains withheld from the public.

### *NGIC I*

8.  On October 22, 2013, The Times submitted a FOIA request to the National Ground Intelligence Center ("NGIC"), which is part of the Army's Intelligence and

---

[1] See, e.g., C.J. Chivers, The Secret Casualties of Iraq's Abandoned Chemical Weapons, N.Y. Times, Oct. 14, 2014, available at http://www.nytimes.com/interactive/2014/10/14/world/middleeast/us-casualties-of-iraq-chemical-weapons.html;  John Ismay, An Iraq Veteran's Experience with Chemical Weapons, N.Y. Times, Oct. 16, 2014, http://atwar.blogs.nytimes.com/2014/10/16/an-iraq-veterans-experience-with-chemical-weapons/; C.J. Chivers, Troops to Be Checked for Chemical Exposure in Iraq, N.Y. Times, Oct. 29, 2014, available at http://www.nytimes.com/2014/10/30/world/middleeast/iraq-chemical-weapons-pentagon-response.html; C.J. Chivers, More Than 600 Reported Chemical Exposure in Iraq, Pentagon Acknowledges, N.Y. Times, Nov. 6, 2014, available at http://www.nytimes.com/2014/11/07/world/middleeast/-more-than-600-reported-chemical-weapons-exposure-in-iraq-pentagon-acknowledges.html; C.J. Chivers, Thousands of Iraq Chemical Weapons Destroyed in Open Air, Watchdog Says, N.Y. Times, Nov. 22, 2014, available at http://www.nytimes.com/2014/11/23/world/middleeast/thousands-of-iraq-chemical-weapons-destroyed-in-open-air-watchdog-says-.html; C.J. Chivers and John Ismay, Examining a Rare Nerve-Agent Shell That Wounded American Troops in Iraq, N.Y. Times, Dec. 12, 2014, available at http://www.nytimes.com/2014/12/05/world/middleeast/examining-a-rare-nerve-agent-shell-that-wounded-american-troops-in-iraq.html; C.J. Chivers and Eric Schmitt, C.I.A. Is Said to Have Bought and Destroyed Iraqi Chemical Weapons, N.Y. Times, Feb. 15, 2015, available at http://www.nytimes.com/2015/02/16/world/cia-is-said-to-have-bought-and-destroyed-iraqi-chemical-weapons.html; C.J. Chivers, Veterans Hurt by Chemical Weapons in Iraq Get Apology, N.Y. Times, Mar. 25, 2015, available at http://www.nytimes.com/2015/03/26/world/middleeast/army-apologizes-for-handling-of-chemical-weapon-exposure-cases.html.

Security Command ("INSCOM"), seeking documents relating to the use of chemical weapons in Iraq (the "NGIC I Request"). It requested:

    i. "A document believed to be titled 'Iraq: Recovered Chemical Weapons Update (April 2009-March 2011),' bearing NGIC Serial Number NGIC-1671-7122-11, and released on or about June 23, 2011."

    ii. "A document believed to be titled 'Iraq: Chemical Weapons Continue To Be Recovered,' bearing NGIC Serial Number NGIC-1671-7205-06, and released on or about September 14, 2006."

    iii. "A document believed to be titled 'Iraq: Chemical Weapons Assessment Jan 2008-March 2009,' bearing NGIC Serial Number NGIC-1671-7013-09, and published on or about June 18, 2009."

9. On November 5, 2013, INSCOM acknowledged receipt of the NGIC I Request but stated that it needed additional time to search for the requested records.

10. On November 13, 2013, The Times appealed INSCOM's time extension on the grounds that the requested records referred to weapons recovered or assessed several years earlier; the United States no longer had an official military presence in Iraq; the subject matter of the requested documents implicated a significant public interest; and the likelihood that the requested records were located on the agency's computer network.

11. On November 26, 2013, INSCOM informed The Times that its appeal of the time extension had been forwarded to the Office of the General Counsel for the Secretary of the Army ("OGC").

12. On January 10, 2014, The Times received a letter from a lawyer at OGC who apologized for the agency's delay in responding to The Times's appeal of the time extension.

13. On January 16, 2014, INSCOM issued a partial denial of the NGIC I Request in which it withheld some responsive documents in full and released redacted versions of others, citing FOIA Exemptions 1, 6, and 7(E).

14. On March 20, 2014, The Times timely filed an administrative appeal with the Secretary of the Army (the "Appeal").

15. On December 9, 2015, OGC denied the Appeal in its entirety, stating that the agency had properly invoked FOIA Exemptions 1, 6, and 7(E).

*NGIC II*

16. On October 22, 2014, The Times submitted a FOIA request to the NGIC (the "NGIC II Request") seeking documents relating to the use of chemical weapons in Iraq. It requested:

> i. "All field reports, operations orders, and safety instructions distributed to or received by employees working under the authority of the NGIC concerning the discovery, recovery, and destruction of chemical munitions at Camp Taji from 2006 to the present."
>
> ii. "All communications, including emails and other forms of electronic communication, between employees working under the authority of the NGIC and other such employees or to outside individuals concerning the discovery, recovery, and destruction of chemical munitions at Camp Taji from 2006 to the present."

60141

iii. "Any documents containing lists of the specific NGIC-affiliated units involved in the discovery, recovery, and destruction of chemical munitions at Camp Taji from 2006 to the present."

iv. "Any documents containing a list or description of the weapons, munitions, or tools used by NGIC-affiliated units or individuals involved in the discovery, recovery, and destruction of chemical munitions at Camp Taji from 2006 to the present."

v. "Any documents containing descriptions or records of field instrument readings related to the presence of chemical weapons, chemical weapons precursors, or substances, including degradation products, which could be indicative of the presence of chemical weapons by NGIC-affiliated individuals who participated in the discovery, recovery, and destruction of chemical munitions at Camp Taji from 2006 to the present."

vi. "Any documents containing descriptions or records of chemical analysis performed by laboratories of samples or materials from Camp Taji from 2006 to the present."

vii. "Any communications, reports, correspondence, or email traffic sent to or written by any NGIC-affiliated individual to any United States or British military or diplomatic personnel, any member of the Organization for the Prohibition of Chemical Weapons (OPCW), any member of the State Department, Pentagon, or United States Army Intelligence and Security Command (INSCOM), or any Iraqi military or diplomatic personnel, concerning information obtained from the

        discovery, recovery, and destruction of chemical munitions at Camp Taji from 2006 to the present."

    viii.    "Any communications, reports, correspondence, or email traffic regarding the transfer of chemical munitions or related items (including material samples) from Camp Taji or the area around Camp Taji to any other facility, including facilities in the United States or Europe."

17. On October 24, 2014, INSCOM confirmed receipt of the NGIC II Request but stated that it needed additional time to search for the requested records.

18. On February 23, 2016, the INSCOM Freedom of Information/Privacy Act Office confirmed that the NGIC II Request was still being processed.

19. Following the publication of the Times articles, the Government has officially acknowledged many of the details of the chemical weapons program and the injuries sustained by military personnel. As a result of those official disclosures, the Army's response to the two NGIC requests is no longer sustainable, and a full response to the NGIC II Request is required.

## **COUNT**

20. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

21. The Army is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the requests and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

22. Plaintiff has exhausted all administrative remedies. With regard to the NGIC I Request, Plaintiff timely filed an administrative appeal that was denied and therefore is entitled to seek judicial review of that denial pursuant to 5 U.S.C. § 552(a)(4)(B).

23. With regard to the NGIC II Request, the Army failed to decide the request within the twenty business days required by FOIA, 5 U.S.C. § 552(a)(6)(A). Accordingly, The Times is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

24. There is no lawful basis under FOIA for either the redactions that were done in the NGIC I Request or the withholding of documents in either the NGIC I Request or the NGIC II Request.

25. The Army's failure to provide fully responsive documents violates FOIA.

26. Accordingly, Plaintiff is entitled to an order compelling the Army to produce the withheld information sought by the NGIC I Request and the documents sought by the NGIC II Request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that the documents sought by the NGIC I Request and the NGIC II Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

b. Order the Army to provide those records unredacted to Plaintiff within 20 business days of the Court's order;

      c.     Award Plaintiff the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

      d.     Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 27, 2016

                                                    _____/s/ David E. McCraw_____
                                                   David E. McCraw, Esq.
                                                   Tali R. Leinwand, Esq.
                                                   Legal Department
                                                   The New York Times Company
                                                   620 8th Avenue, 18th Floor
                                                   New York, NY 10018
                                                   phone: (212) 556-4031
                                                   fax: (212) 556-1009
                                                   e-mail: mccraw@nytimes.com
                                                   *Counsel for Plaintiff*

60141